# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| |
|---|
| UNITED STATES REGIONAL ECONOMIC DEVELOPMENT AUTHORITY, LLC, <br><br> Plaintiff, <br> v. <br><br> GERRY D. MATTHEWS and MATTHEWS COMMERCIAL PROPERTIES, LLC, <br><br> Defendants. |

3:16-cv-01093 (CSH)

**MAY 10, 2018**

## RULING ON PENDING DISCOVERY MOTIONS

**HAIGHT, Senior District Judge:**

This case involves a series of wire transfers from Plaintiff United States Regional Economic Development Authority, LLC ("USREDA" or "Plaintiff") to the bank account of Defendants Gerry D. Matthews and Matthews Commercial Properties, LLC (collectively, "Defendants"). Defendants have moved for summary judgment on all claims; presently pending before the Court is Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment, made pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Also pending are related discovery motions: Motions by Defendants to quash two subpoenas; and a motion by Plaintiff to compel responses to its Second Requests for Production. Each of the discovery-related motions has been opposed, and the motions are ripe for decision. This Ruling resolves them.

## I. BACKGROUND

Plaintiff brings this action against Defendants, alleging claims of breach of contract, unjust

enrichment, and fraud. The dispute involves a sum of $529,843, which is the total sent by four separate wire transfers to Defendants between April 15, 2013, and July 26, 2013. Familiarity with the facts alleged in the Second Amended Complaint and with the Court's prior Rulings are assumed, and will be discussed below only as necessary.

Discovery in this matter was set to close on October 30, 2017. The matter appeared to be proceeding uneventfully toward that deadline when, on October 11, 2017, Defendants filed motions to quash two separate non-party subpoenas. Docs. 53, 54. The first subpoena, directed at non-party Webster Bank (the "Webster Subpoena"), seeks the production of certain financial documents related to a bank account in the name of Defendant Matthews Commercial Properties, LLC ("MCP"). The second subpoena, directed at non-party Barbara Petrowski, an employee at MCP (the "Petrowski Subpoena"), seeks to compel Ms. Petrowski's testimony by way of a deposition. Then, on October 26, 2017, Plaintiff moved to compel responses to Plaintiff's Second Set of Requests for Production. Doc. 56.

Amid this welter of motion activity, Plaintiff filed a motion to amend its complaint, seeking to add two counts, sounding in fraud. Doc. 55. On December 4, 2017, the Court issued a Ruling denying Plaintiff's motion to amend, with leave to file a renewed motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Recognizing that the question of the controlling claims may inform the resolution of the discovery disputes, the Court stayed the remaining deadlines on the matter, including its consideration of the pending discovery motions, until the question of amendment was resolved. Doc. 67.

On January 10, 2018, Plaintiff filed its renewed motion for leave to amend; when the matter became ripe, on March 21, 2018, the Court granted Plaintiff leave to file a Second Amended

Complaint, adding two counts sounding in fraud. Doc. 75. The Court lifted the stay it had previously imposed, and issued a Scheduling Order that provided for, *inter alia*, the filing of the Second Amended Complaint, and the filing of dispositive motions. Doc. 77. In light of newly-added claims of fraud, and aiding and abetting fraud, the Court also directed the parties to engage in a renewed effort to resolve by agreement the discovery issues presented by the pending discovery motions, and to file a joint status report indicating the result of the parties' conferences. *See* Doc. 77.

Plaintiff filed its Second Amended Complaint on March 27, 2018, Doc. 76; two days later, Defendants filed both an Amended Answer, Doc. 79, and a motion for summary judgment. Doc. 80.

On April 12, 2018, Plaintiff filed a status report, indicating that despite several efforts, it was unable to reach an agreement with Defendants in terms of the pending discovery requests. *See* Doc. 83. Defendant echoed this sentiment in its own report on April 16, 2018, stating simply that counsel were unable to resolve the outstanding issues regarding discovery and that the pending discovery motions "continue to require resolution by the Court." Doc. 85.

With its deadline to respond to Defendants' motion for summary judgment looming, on April 13, 2018, Plaintiff filed a motion to defer consideration of Defendants' dispositive motion, pursuant to Rule 56(d). Doc. 84. The additional discovery discussed in Plaintiff's Rule 56(d) motion is also at issue in Plaintiff's pending motion to compel, and in Defendants' motions to quash. All of the discovery-related motions are ripe for consideration.[1] The Court will first address Plaintiff's Rule 56(d) motion.

---

[1] The Court imposed an expedited briefing schedule for Plaintiff's Motion to Defer, ordering that opposition be filed by April 27, 2018, and reply, if any, by May 4, 2018. *See* Doc. 86. Defendants timely filed their opposition on April 26, 2018. To date, Plaintiff has not filed a reply.

## II.  STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. "The party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

The Second Circuit has made it clear that "summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (quotation marks omitted) (emphasis in original) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.2d 94, 97 (2d Cir. 2000)). Indeed, "[t]he nonmoving party must have had the opportunity to discover information that is essential to its opposition to the motion for summary judgment," and it is therefore "only in the rarest of cases may summary judgment be granted against a nonmovant who has not been afforded the opportunity to conduct discovery." *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 319 F.R.D. 440, 455 (D. Conn. 2017) (quotation marks omitted) (quoting *Hellstrom*, 201 F.3d at 97).

Rule 56(d) of the Federal Rules of Civil Procedure permits a court, in the exercise of its discretion, to defer or deny a decision on summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"

Fed. R. Civ. P. 56(d). "The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)[2]; *see also Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (same). The affidavit must explain with specificity how the facts sought are reasonably expected to create a genuine issue of material fact. *Alphonse Hotel Corp.*, 828 F.3d at 151.

"'[A] court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered, and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Crye Precision LLC v. Duro Textiles, LLC*, 689 F. App'x 104, 108 (2d Cir. 2017) (quoting *In re Dana Corp.*, 574 F.3d 129, 148-48 (2d Cir. 2009)); *see also Alphonse Hotel Corp.*, 828 F.3d at 151–52 ("[B]are, generalized assertions cannot justify delaying the resolution of a summary judgment motion."); *Paddington Partners*, 34 F.3d at 1138 ("A court can reject a request for discovery, even if properly and timely made through a Rule 56[d] affidavit, if it deems the request to be based on speculation as to what potentially could be discovered.").

Thus, the party seeking to delay resolution of a summary judgment motion pursuant to Rule 56(d) must also provide the basis for believing that the discovery requested exists. *Alphonse Hotel*

---

[2] *Paddington Partners* applied the former Rule 56(f) of the Federal Rules of Civil Procedure, which has been renumbered as Rule 56(d), without substantive changes. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

*Corp.*, 828 F.3d at 151. "The requirement that a party identify *what* facts are sought and *how* they are to be obtained precludes the party from making purely speculative requests with the hope that beneficial evidence will serendipitously materialize." *Am. Home Assur. Co. v. ZIM JAMAICA*, 418 F. Supp. 2d 537, 547 (S.D.N.Y. 2006) (emphasis in the original) (citation omitted).

### III. DISCUSSION

#### A. 56(d) Motion

The Court will first address whether Plaintiff has made a showing under Rule 56(d) that it requires further discovery to justify its opposition to Defendants' motion for summary judgment. The discovery sought by Plaintiff's prior discovery requests and the subpoenas it previously served to non-parties Webster Bank and Barbara Petrowski form the basis for Plaintiff's motion to defer consideration.

The Webster Bank subpoena, served on October 3, 2017, commands the bank to produce several financial documents related to the MCP savings account into which Plaintiff's funds were deposited. Specifically, the subpoena requests the 1099INT interest statement for 2013; "all statements, signature cards, bank resolutions and bank deposit agreements . . . for the entire period that the account was open . . . through the most recent statement;" and finally, "all documents identifying all persons who have or had signature powers or other authority to direct the transfer of funds into and/or out of" the subject bank account. Doc. 53-1 at 24.

The subpoena directed to Ms. Petrowski commands her appearance for a deposition, and was served on October 3, 2017, after Plaintiff requested that Defendants voluntarily produce Ms.

Petrowski for a deposition based on the testimony of Defendant Gerry Matthews,[3] and Defendants refused.[4] Doc. 58-5 at 2, 3.

Finally, Plaintiff's Second Request for the Production of Documents, served on September 28, 2017, following Gerry's deposition, includes requests for the production of financial records related to a Chase Freedom credit card account and the MCP account; documents concerning the brokerage listing by Gerry for the sale of the former Cross Pen plant; documents concerning payments or transfers of property by MCP or Gerry to or for the benefit of Robert Matthews, Gerry's brother; documents concerning payments or transfers of property by Robert to or for the benefit of Gerry or MCP; documents concerning any debt of Robert owed to Gerry or MCP; and documents concerning any debt of Gerry or MCP owed to Robert.

Plaintiff asserts that it requires the above discovery to respond to Defendants' motion for summary judgment, as it would likely lead to evidence that is reasonably expected to create genuine issues of fact as to each ground for summary judgment raised in Defendants' motion. Plaintiff argues that the discovery it seeks is neither cumulative nor speculative and it was timely requested. Plaintiff sets forth by Declaration the facts it expects to discover and how that evidence would raise material issues of fact. Defendants argue that Plaintiff's motion should be denied, as the discovery sought is not relevant to the issues raised in the motion for summary judgment, and because the affidavit in

---

[3] Defendant Gerry Matthews appeared for a deposition both in his own capacity, and as the corporate representative for Defendant MCP, pursuant to Rule 30(b)(6) of the Federal Rules of Civil procedure. Doc. 58 at 3.

[4] In correspondence between the parties, Defendants' counsel stated that he would not consent to the deposition, but would accept service of a subpoena on Ms. Petrowski's behalf. *See* Doc. 58-5 at 1 ("You can serve the subpoena on me to avoid the marshal fee but we will not be producing Barbara voluntarily." (sic)). Based on this representation, counsel for Plaintiff served a subpoena for Ms. Petrowski's testimony, Doc. 54-1 at 9, and Defendants' motion to quash followed.

support of the motion to defer is deficient.

Consideration of Plaintiff's 56(d) motion requires the Court to visit the grounds upon which Defendants have moved for summary judgment. Defendants seek summary judgment on each of the counts of the Second Amended Complaint: breach of contract, or, in the alternative, unjust enrichment; fraudulent misrepresentation or inducement; and aiding and abetting fraud.

On Plaintiff's breach of contract claim, Defendants argue that there are no facts that would show an offer, an acceptance of an offer, or a meeting of the minds as between Plaintiff and these Defendants, since the subject loans were between Plaintiff and Robert, not Defendants Gerry or MCP, and because there were no communications between Plaintiff and Defendants prior to the transfers of the funds. Defendants also contend that Plaintiff's breach of contract claim is barred by the statute of frauds. In making this argument, Defendants claim that an equitable estoppel contention could not succeed as Plaintiff cannot establish Defendants' knowledge or assent of the transactions, since the transactions were solely for Robert's benefit.

Defendants also argue that Plaintiff's unjust enrichment count fails, as Defendants received no benefit from the money loaned. Defendants claim that there is no evidence that Defendants were aware that the funds in question came from Plaintiff, as they were transferred into the MCP account through Robert's attorney, Les Evans. Finally, Defendants make several arguments in favor of summary judgment on Plaintiff's newly added claims sounding in fraud and aiding and abetting fraud. Relevant here, Defendants argue that there is no evidence that Defendants made any misrepresentations in order to induce Plaintiff to act, and there is no evidence that Defendants knowingly and substantially assisted Robert's alleged fraudulent misrepresentations.

In its 56(d) motion, Plaintiff asserts that it seeks to discover evidence to show that Gerry

benefitted from the loaned funds, which would contradict both Gerry's claim and Robert's affidavit that Robert was the only beneficiary. Plaintiff contends that some of the requested discovery – specifically, the 2013 interest statement from Webster Bank; bank statements; documents showing payments, transfers or debt owed between Gerry and Robert; and Petrowski's testimony – would show that the loaned funds went directly to Gerry. Plaintiff also seeks bank statements, signature cards, bank deposit agreements, bank resolutions, credit card statements, a QuickBooks ledger and Petrowski's testimony to show that Robert used the MCP bank account both before and after the funds were transferred in and out of the account, which would provide evidence of a pattern and practice of Gerry assisting Robert in hiding funds from creditors. The information contained in the bank statements, credit card statements, and the QuickBooks ledger, along with Petrowski's testimony, would also show that the funds – and other creditors' funds – went to Robert's own accounts, which Plaintiff asserts would provide evidence of pattern and practice of defrauding creditors through the use of the MCP account.

It is clear to the that the discovery Plaintiff seeks could reasonably lead to evidence, which, if credited, would justify denial of Defendants' motion for summary judgment.

As previously discussed, Plaintiff's Second Amended Complaint raises a claim of unjust enrichment against Defendants. "Unjust enrichment remedies an unfair benefit to a defendant, *see Stewart v. King*, 121 Conn. App. 64, 2010 WL 1793370, *4 (May 11, 2010), as opposed to compensating plaintiff for an injury." *Edible Arrangement Int'l, Inc. v. Incredible Franchise Corp*., No. 3:07-CV-1788(WWE), 2010 WL 2232488, at *2 (D. Conn. May 25, 2010), *adhered to on reconsideration*, No. 3:07-CV-1788(WWE), 2010 WL 2802368 (D. Conn. July 13, 2010). "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that

the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Town of New Hartford v. Connecticut Res. Recovery Auth.*, 291 Conn. 433, 451–52 (2009) (quotation marks and citation omitted).

In the motion for summary judgment, Defendants argue that they are entitled to summary judgment because, *inter alia*, there are no facts which would show that Gerry or MCP benefitted from the funds in question. *See, e.g.*, Doc. 81 at 15 ("In the present case, the Defendants received no benefit from USREDA's conduct."); *id.* at 17 ("No funds were used for the benefit of either Gerry Matthews or MCP. Furthermore, the affidavit of Robert Matthews, which is submitted in support of the Defendants' Motion for Summary Judgment, establishes that all of the funds at issue in this case were Robert Matthews'[] own funds, which Robert Matthews asked to be wired to MCP on his behalf."). The discovery that Plaintiff seeks – financial records and testimony regarding MCP's financial practices – could lead to evidence that Defendants *did* benefit from the loaned money. If such evidence exists, *quare* whether it would be sufficient to raise a genuine issue of material fact to defeat Defendants' dispositive motion.

Defendants argue that it is "purely speculative" that the discovery request would result in evidence of a benefit to Defendants, and that the requests "amount to nothing more than a fishing expedition." Doc. 88 at 3. The Court disagrees. During Gerry's deposition, Gerry indicated at several points that he did not create nor maintain the records associated with the subject account; instead, his secretary, Barbara Petrowski,"[a]t the direction of Robert," kept records of the funds and assisted with the transactions from the MCP Business savings account. Doc. 56-3 at 19. Indeed, Gerry was unable to answer several questions asked about the account and the funds contained therein, stating that he "didn't handle the day to day" and testifying that he did not know how the funds in question

-10-

were used. *Id.* at 26. It is not speculative to believe that further information regarding the funds in question – and whether Defendants ultimately realized a benefit from the funds – could be discovered from a deposition of Ms. Petrowski, and from a more thorough inspection of the financial records of MCP. Thus, this is not a case where the existence of additional discovery is only speculative, *see Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991); here, Gerry testified that certain documents exist and that Petrowski would have more knowledge than he regarding the record-keeping and transactions associated with the subject MCP account.

Plaintiff also asserts that it seeks to discover "[e]vidence that MCP acct was used to give aura of real estate purpose for the Loaned Funds while instead the funds went straight from MCP to Robert's accounts and to other creditors," Doc. 84-1 at 5 (sic), and also "[e]vidence of a pattern and practice of Gerry assisting Robert in hiding funds from creditors." *Id.*

Plaintiff's Second Amended Complaint contains two counts of fraud. The second count alleges that Defendants aided and abetted fraud. Under Connecticut law, to establish  that a defendant aided and abetted, Plaintiff must prove the following elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance;  (3) the defendant must knowingly and substantially assist the principal violation." *Flannery v. Singer Asset Fin. Co., LLC*, 312 Conn. 286, 334 (2014) (quotation marks, citation and alterations omitted); *see also Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 121 (D. Conn. 2010) ("[W]hat must be proven for aider-abettor liability is that the individual gave substantial assistance to the tortfeasor in carrying out the tort with the knowledge — or reckless indifference to the possibility — that the assistance would aid in carrying out that tort." (collecting

cases)); *City of Hartford v. Premier Sports Mgmt. Grp., LLC*, No. HHDCV166067560S, 2017 WL 951511, at *3 (Conn. Super. Ct. Feb. 8, 2017) (same, as applied to a claim of aiding and abetting fraud).

Plaintiff seeks to show that these transactions were part of a greater scheme to defraud creditors, assisted and abetted by Gerry. It is reasonable to believe that the financial records of MCP and the testimony of the individual charged with handling MCP's finances could provide information to support that theory. Such evidence, if it exists, could then be used to rebut Defendants' argument on summary judgment that there is "no evidence that the Defendants knowingly and substantially assisted the principal violation, namely, the fraudulent misrepresentations allegedly made by Robert Matthews." Doc. 81 at 22.

Finally, the Court is mindful of the Second Circuit's admonition that "at least when the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when [Plaintiff] is denied reasonable access to potentially favorable information." *Robinson v. Transworld Airlines,* Inc., 947 F.2d 40, 43 (2d Cir. 1991) (quotation marks and citation omitted); *see also B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir. 1996) ("Rule 56(f) allows a party faced with a motion for summary judgment to request additional discovery, and the Supreme Court has suggested that such a request be granted when the nonmoving party has not had an opportunity to make full discovery." (quotation marks and citation omitted)), *overruled on other grounds by New York v. Nat'l Serv. Indus., Inc.*, 352 F.3d 682, 685 (2d. Cir. 2003).

Plaintiffs' previous efforts to obtain the facts are evident from the pending application to compel said discovery, and its good faith efforts to serve subpoenas to obtain the discovery from non-parties. These requests and demands were served while discovery was ongoing in this matter.

When Defendants raised objections to the requests, Plaintiff attempted to resolve the dispute in good faith. When those efforts failed, Plaintiff moved to compel the discovery. Certainly, this does not present a picture of a dilatory party, now seeking discovery as a means to delay.

Accordingly, in light of the foregoing, I find that Plaintiff has made the requisite showing under Rule 56(d) to support deferral of consideration of Defendants' motion for summary judgment, and the Motion to Defer will be granted. I will now turn to consider the form of the discovery requested; specifically, the non–party subpoenas and the discovery requests directed at Defendants.

**B. Subpoenas**

**1. Webster Subpoena**

As discussed, the Webster Subpoena commands Webster Bank to produce several financial documents related to the MCP savings account into which Plaintiff's funds were wired. Defendants have moved to quash the Webster Subpoena, arguing that the documents requested by the subpoena are irrelevant, and compliance with said subpoena would impose an undue burden on nonparty Webster Bank. Doc. 53 at 2. Defendants contend that they have standing to challenge the Webster Subpoena based on their privacy interest in the sought-after financial documents. Doc. 53-1 at 3. In opposition to Defendants' motion to quash, Plaintiff argues that Defendants' conclusory assertion of a privacy interest is insufficient confer the requisite standing on Defendants for the purposes of this motion. Doc. 57-8 at 5.

"Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and testify[.]'" *Weinstein v. Univ. of Connecticut*, No. 3:11-CV-1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *S.E.C. v. Sassano*, 274 F.R.D. 495,

497 (S.D.N.Y. 2011) (quotation marks and citation omitted).

A court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "The burden of persuasion in a motion to quash a subpoena is borne by the movant." *Travelers Indem. Co. v. Metro. Life. Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (citations omitted).

The Court will first address the threshold question of standing, as the Webster Subpoena is directed to a nonparty. Generally, a party does not have standing to move to quash a subpoena served on a nonparty. *Jacobs v. Connecticut Cmty. Tech. Colleges*, 258 F.R.D. 192, 194 (D. Conn. 2009). "Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash." *Id.* at 194–95 (citations omitted).

> When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. If, however, a party claims a personal right or privilege regarding the production or testimony sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena.

9 James Wm. Moore et al., *Moore's Federal Practice* §45.50[3] (3d ed. 2017). Thus, as an exception to the general rule, a party has standing to move to quash a subpoena directed at a nonparty where the party seeks to enforce a claim of privilege or personal right. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." (citation omitted)); *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (same) (collecting authorities). *See also Solow v. Conseco, Inc.*, No. 06-CV-5988(BSJ), 2008 WL 190340, at *3

(S.D.N.Y. Jan. 18, 2008) ("[I]t is well-established that a party with a real interest in the [subpoenaed] documents has standing to raise objections to their production.").

Thus, "[t]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (quotation marks and citation omitted). It follows that a "party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party." *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-CV-6811(CM/ JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (collecting cases). *See also Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590(LTS), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (same) (collecting cases); *Dominion Res. Servs., Inc. v. Alstom Power, Inc.*, No. 3:16-CV-00544(JCH), 2017 WL 3575892, at *3 (D. Conn. Aug. 18, 2017) (same).

Accordingly, a challenge to a subpoena based on grounds of relevance or burden may only be raised by the entity to which the subpoena is directed; a party lacks standing to raise such challenges to a subpoena directed at a nonparty. *See, e.g., Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950(JPO), 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) (finding that the defendant lacked standing to move to quash a subpoena directed at a nonparty on grounds of undue burden, "as the burden of literal compliance with this subpoena falls to a third-party" (citations omitted)); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07-CV-929(WWE), 2013 WL 6511934, at *2 (D. Conn. Dec. 12, 2013) (finding that the defendant lacked standing to challenge subpoena directed to non-parties on grounds of undue burden and harassment).

Courts in this Circuit have recognized a party's privacy interest in banking and financial records can be sufficient to confer standing to move to quash a subpoena directed at the records'

production. *See, e.g.*, *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13-CV-1654(RA), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (finding that the claimed privacy rights potentially implicated by disclosure of financial records is sufficient to confer standing on the party movants (collecting cases)); *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236(LTS)(RLE), 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (noting that "[i]nformation regarding a party's financial records may give rise to a privacy interest" (collecting cases)); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding that a party has standing to challenge subpoenas directed at nonparty financial institutions); *Syposs v. United States*, 181 F.R.D. 224, 227 (W.D.N.Y. 1998) (noting that generally individuals have standing to challenge the discovery of bank records through third-party subpoenas); *Trump v. Hyatt Corp.*, No. 93-CV-5242(CSH), 1994 WL 168021, at *1 (S.D.N.Y. Apr. 29, 1994) (finding that the individual and corporate defendants had standing to challenge a subpoena for banking and financial records directed to a nonparty).

The Webster Subpoena requests "statements, signature cards, bank resolutions and bank deposit agreements"; tax interest records; and documents reflecting authority over the MCP savings account. *See* Doc. 53-1 at 24. Defendants have asserted that they have a privacy interest in these financial documents; based on the above authority, the Court agrees. Accordingly, Defendants have standing to challenge the Webster Subpoena to enforce this claimed right of privacy personal to Defendants. The Court will therefore consider the arguments Defendants raise in support of their motion to quash the Webster Subpoena.

Defendants primarily assert that the documents sought have no relevance to the issues in this matter; as such, they argue, compliance with the subpoena would create an undue burden on the nonparty, Webster Bank. Doc. 53-1 at 4. As noted *supra,* any burden that may result from

-16-

compliance with the subpoena would be borne by Webster Bank, not by Defendants, and Webster Bank has not made any such objection known. Accordingly, the Court will not entertain this argument.

However, the Court will consider whether the sought-after documents are relevant, to determine whether their probative value outweighs the privacy interest that Defendants assert. *See Refco Group Ltd., LLC*, 2014 WL 5420225 at * 6 ("If the movants have standing, 'the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted.'" (quoting *Solow v. Conseco, Inc.,* No. 06-CV-5988, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008))); *Chazin*, 129 F.R.D. at 98 (same). *See also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2017) ("Although a subpoena may be quashed if it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the documents sought in advance of trial nor quash a subpoena demanding their production if there is any ground on which they might be relevant." (footnotes omitted)).

Defendants question the relevance of the documents sought by the subpoena, arguing that because the requests are not limited in time, the resulting documents will encompass records that have no bearing on this matter. Doc. 53-1 at 5. Moreover, Defendants contend, they have previously provided "a detailed accounting" of the transactions at issue, and thus, any additional records of bank activity would be irrelevant. *Id.* at 6. A like argument is advanced regarding the 1099INT statement; Defendants state that any interest paid on the account during the time period in question is reflected on statements previously provided to Plaintiff. *Id.* Defendants also contend that the question of whether interest was earned on the subject funds has no bearing on the claims and defenses raised in this action. *Id.* at 7.

Plaintiff responds that the documents are relevant to Plaintiff's claims based on fraud; and "are likely to show the extent to which (i) Gerry profited from Plaintiff's loan to Defendants; (ii) funds were transferred back and forth between Gerry and Robert, resulting in a benefit to Gerry from Plaintiff's loan, and (iii) Gerry was not the unknowing participant that he claims he is in Robert's scheme to defraud creditors such as Plaintiff." Doc. 57-8 at 7.

As discussed above, this information is relevant to the claims in the case and to the arguments raised in Defendants' motion for summary judgment. Plaintiff alleges that it wired a sum north of $500,000 to MCP; the money was to be used to fulfill a specific purpose; the money was not used for the purpose represented; and the money has not been returned as promised. Plaintiff also advances a claim that Defendant Gerry participated in a fraudulent scheme to obtain Plaintiff's money. Plaintiff is clearly entitled to discovery that may shed light on who had access to Plaintiff's money; what purposes it was used for; and who, if anyone, benefitted from the alleged loan.

Moreover, Defendants have not convincingly articulated a legitimate privacy interest in preventing the release of documents to Plaintiff. Other than a conclusory allegation such an interest exists, Defendants fail to inform the Court how their privacy interests would be negatively impacted by disclosure of the documents; indeed, there is no indication of any harm that could result from Webster Bank complying with the subject subpoena. By their own admission, Defendants have previously provided related financial documents without any protective order in place as to their disclosure. Defendants make no argument as to how compliance with the Webster Subpoena would cause harm. Further, to the extent that said records do implicate financially sensitive information, any risk of harm from their disclosure could be ameliorated by the imposition of a protective order.

The Court therefore concludes that the relevance of the documents sought outweighs

Defendants' claimed privacy interest. Accordingly, Defendant's *Motion to Quash Subpoena Directed to Webster Bank* will be denied. However, the Webster Subpoena is overly broad with respect to the specified period of time for production. The Court, in accordance with Federal Rule of Civil Procedure 45(d)(3), directs that the Webster Subpoena be modified to include only those bank records from January 2012, through present.

### 2. Petrowski Subpoena

Defendants also move to quash a subpoena directed at a current employee of Defendant MCP, Barbara Petrowski. Plaintiff requested that Defendants produce Ms. Petrowski for a deposition based on the testimony of Defendant Gerry Matthews. Doc. 58-5 at 2, 3.

Defendants argue that a deposition of Ms. Petrowski "is unlikely to have any material value in the present litigation." *Id.* at 4. Defendants state that the burden on Ms. Petrowski to testify outweighs the value of any useful testimony that may be obtained by way of deposition. Defendants assert that they have standing to move to quash the Petrowski Subpoena, as they have a privacy interest in the bank records and financial information they believe Ms. Petrowski would be questioned about at the deposition. Doc. 54-1 at 3.

Plaintiff opposes Defendants' motion to quash, arguing that Ms. Petrowski's testimony would be relevant and is necessary. According to Plaintiff, Gerry's testimony revealed that Ms. Petrowski handled the day-to-day operations of the MCP savings account in question and that she took direction from Robert Matthews as to his own transfers of funds into and out of said account. Plaintiff points to specific excerpts of Gerry's deposition transcript to show that Gerry did not have knowledge of certain documents that Ms. Petrowski had prepared. Thus, Plaintiff argues, Defendants have an obligation to produce Ms. Petrowski pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, or, in the alternative, her attendance for a deposition should be compelled pursuant to Rule 45.

As an initial matter, the Court must determine whether Defendants would be obliged to produce Ms. Petrowski as a corporate representative pursuant to Rule 30(b)(6), or if instead Ms. Petrowski, as a non-party employee, is subject to a subpoena pursuant to Rule 45.[5] There are important differences between a Rule 30(b)(6) deposition and that of a "mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena." *Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06-CV-1164(JBA), 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007). The distinction bears on the obligations of Defendants, if any; the testimony to be provided; and the significance of such testimony. Indeed,

> [e]xcept where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness.

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2103 (3d ed. 2017) (footnotes omitted); *see also Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06-CV-5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure[.]" (citations omitted)).

---

[5] The Court must determine this at the onset, as the outcome of this question bears on what grounds, if any, Defendants may assert to quash the Petrowski Subpoena or otherwise resist this deposition.

Rule 30(b)(6) provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). As the corporation designates an individual to "testify on its behalf," *id.*, such testimony provided by the representative is binding on the corporation. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010). "The Rule 30(b)(6) designee does not give [her] personal opinions. Rather, [s]he presents the corporation's 'position' on the topic." *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97-CV-4978(LLM), 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002) (quoting *Taylor*, 166 F.R.D. at 361-62).

Here, Plaintiff seeks to depose Ms. Petrowski to elicit testimony regarding her personal, first-hand knowledge of records that she prepared; the actions she took in regards to the subject account; and the conversations she was privy or party to. Doc. 58 at 7-8. There is no indication that Plaintiff has served a notice of deposition upon MCP that "describe[s] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Moreover, by all accounts, Ms. Petrowski is a secretary at MCP; not an officer, director, or managing agent.

The Court concludes that Plaintiff seeks the deposition of Ms. Petrowski in her capacity as an employee of Defendant, not as a corporate representative of MCP. Ms. Petrowski is therefore subject to a subpoena pursuant to Rule 45. It follows that only Ms. Petrowski has standing to challenge the subpoena served by Plaintiff, unless a showing is made by Defendants that the

information Ms. Petrowski may disclose is subject to a privilege or implicates Defendant's private information. *See, e.g., Allstate Ins. Co. v. A & F Med. P.C.*, No. 14-CV-6756(JBW), 2016 WL 7116067, at *2 (E.D.N.Y. Dec. 6, 2016) (addressing whether the defendants have standing to challenge the subpoena served on a non-party employee of the defendants).

Defendants contend that they have standing to challenge the Petrowski Subpoena based on "a privacy interest in the bank records and financial information into which [Plaintiff] intends to inquire." Doc. 54-1 at 3. Defendants also reference the potential disclosure of "confidential business information." *Id.* The Court finds such assertions of a privacy interest sufficient to confer standing on Defendants to challenge the subpoena. However, Defendants' conclusory assertions of privacy are not sufficient to serve as a basis to quash the Petrowski Subpoena.

First, Defendants have not identified any specific harm that they may suffer as a result of Ms. Petrowski's testimony. There is no indication that the examination of Ms. Petrowski will delve into questions about "MCP's clients and business," or any other information that Defendants state that they wish to maintain as private. *Id.* No similar objection was raised to Gerry Matthews' testimony, nor has an objection been lodged to the filing of Gerry's complete deposition transcript or MCP's bank account records on the public docket. Further, Gerry Matthews testified that the subject bank account "never" contained money of the corporation, MCP. Doc. 57-7 at 12 (September 26, 2017, Deposition of Gerry Matthews at page 40). Thus, the allegation that Ms. Petrowski should be barred from testifying to protect private, confidential business information appears itself to be conclusory, speculative, and far-fetched. To the extent Defendants have concerns about confidentiality that were not previously voiced, those concerns can be adequately addressed by the fashioning of a protective order.

Second, it is clear from Gerry's testimony that Ms. Petrowski may offer relevant information. Gerry testified that Ms. Petrowski created and maintained a ledger of the funds and transactions associated with the subject MCP account. *Id.* at 13. He further stated that Ms. Petrowski handled the "day to day" of the bank account "at the direction of Robert" and he was therefore unable to answer several questions posed by Plaintiff about the account, funds, and paperwork prepared by Ms. Petrowski.[6] *See id.* at 13-19. Gerry testified that it was Ms. Petrowski who had access to the accounts and likened her to a bookkeeper. *See id.* at 25. Ms. Petrowski's testimony thus would likely provide evidence relevant to the claims and defenses in the case, and to the arguments raised in Defendants' pending motion for summary judgment .

Third, the Court is cognizant that "[a]n order barring a litigant from taking a deposition is most extraordinary relief. It is the party seeking such an order that bears the burden of proving that the proposed deponent has nothing to contribute." *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) (citations omitted); *see also Am. News & Info. Servs., Inc. v. Rovella*, No. 3:15-CV-1209(RNC), 2017 WL 3736700, at *6 (D. Conn. Aug. 30, 2017 ("An order precluding the deposition of a witness is of course the exception rather than the rule in federal court." (quotation marks and citations omitted)); *Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y. 1984) ("In light of the general philosophy supporting full discovery of relevant facts, courts rarely

---

[6] Contrary to Defendants' assertions, Gerry Matthews repeatedly testified that he was unable to answer certain questions about the origins and significance of certain documents as he did not prepare them, and further indicated that Ms. Petrowski would be the individual with knowledge of said documents. In an effort to prove that Gerry was "able to testify knowledgeably about the substance of the documents and the information contained therein," Doc. 60 at 2, Defendants materially mischaracterize Gerry's testimony, and include only an incomplete excerpt, without indicating that Gerry continued to speak beyond the portion quoted in Defendant's reply papers. *Compare* Doc. 60 at 2 *with* Doc. 57-7 at 18. A reading of Gerry's complete testimony reveals that Ms. Petrowski's testimony may serve to fill in the gaps of information Gerry was unable to provide.

order that a deposition not be taken." (citation omitted)). Here, other than the conclusory allegation that Ms. Petrowski's testimony will be of little to no value, Defendants have not demonstrated an appropriate basis for barring her deposition.

Finally, as discussed *supra*, Defendants do not have standing to challenge the Petrowski Subpoena on the ground that the proposed deposition will place an undue burden on the nonparty witness. However, even were such an argument to be considered, it would not be found to be persuasive. "The mere assertion that a subpoena is burdensome, without evidence to prove the claim, cannot form the basis for an 'undue burden' finding." *In re Cty. of Orange*, 208 B.R. 117, 121 (Bankr. S.D.N.Y. 1997). Defendants offer no specific indication that a deposition would cause such a burden, and, as the movants, Defendants bear the burden of persuasion on this ground. *See Jones v. Hirschfeld,* 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003) (collecting cases).

The Court therefore concludes that the probative value of Ms. Petrowski's potential testimony outweighs Defendants' claimed privacy interest. Accordingly, Defendant's *Motion to Quash Subpoena Directed to Barbara Petrowski* will be denied.

## C.      Requests for Production

Finally, Plaintiff seeks the discovery it requested by way of its Second Requests for Production. [Doc. 56]. Plaintiff served said requests on September 28, 2017, following the testimony of Defendant Gerry Matthews. Plaintiff asserts that the requests all stem directly from Gerry's testimony, and the discovery sought is relevant and discoverable. Plaintiff acknowledges that several of the document requests seek the same discovery as the Webster subpoena, and thus requests the Court to compel their production from Defendants only in the alternative.

In opposition, Defendants argue that the documents sought bear no relevance to the claims

raised in this matter, and many of the documents concern Robert Matthews, an individual who is not

a party to this case. Defendants therefore contend that the requests exceed the scope of permissible

discovery under Federal Rule of Civil Procedure 26, and that Plaintiff's motion must be denied.

Defendants also raised objections to each of the eleven requests for production. *See* Doc. 56-4.

Defendants' objections state that most of the requests are "irrelevant, overly broad and not reasonably

calculated to lead to the discovery of admissible evidence." *Id.* at 3-6.

Plaintiff's Second Request for the Production of Documents contains eleven requests. Per

Plaintiff's representation, certain requests – Requests 1, 2, and 4 – are duplicative of records

expected to be received in response to the Webster Subpoena. As the Court has already denied

Defendants' motion to quash that subpoena, those requests are now moot.

A review of the remaining requests and responses reveals that Defendants have not included

support to substantiate their objections. The Federal Rules call for a party objecting to discovery to

"state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ.

P. 34(b)(2)(B). Rule 34 further requires that "[a]n objection [] state whether any responsive materials

are being withheld on the basis of that objection. An objection to part of a request must specify the

part and permit inspection of the rest." *Id.* at (b)(2)(C). "[P]at, generic, non-specific objections,

intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the

Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the

specifics of the objection and how that objection relates to the documents being demanded." *In re*

*Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005) (quoting *Obiajulu v. City of*

*Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)). *See also Tourtelotte v. Anvil Place Master*

*Tenant, LLC,* No. 3:11CV1454(WWE), 2012 WL 5471855, at *2 (D. Conn. Nov. 9, 2012)

("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents and answering no interrogatories are a paradigm of discovery abuse." (quotation marks and citation omitted)). Defendants' objections to each of the requests production do not meet the level of specificity required by the Federal Rules.

Further, the Court has reviewed the requests and has determined that the requests may lead to evidence that could serve to raise genuine issues of fact in opposition to Defendants' motion for summary judgment. As discussed above, the requests seek information relevant to the claims in this case. Further, on their face, the requests do not appear to be overbroad, or likely to result in an undue burden on Defendants.

Accordingly, the Court will grant that portion of Plaintiff's motion to compel which seeks responses to the subject requests.

**D.      Attorney's Fees**

Finally, Plaintiff seeks an award of attorney's fees incurred in making this motion to compel, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Rule 37(a) provides that, if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Rule continues, that "the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified." *Id.* "When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 265 (S.D.N.Y. 1995)

(collecting cases). I decline to award attorney's fees for the making of the motion to compel, as I do not find Defendants' position in opposing the discovery at issue to involve an "unreasonable, frivolous, or completely unsupportable reading of the law." *Id.*

## IV. CONCLUSION AND ORDERS

For the foregoing reasons, the Court enters the following Orders:

1. Plaintiff's *Motion to Defer Consideration of Defendants' Summary Judgment Motion or in the Alternative for Extension of Time* [Doc. 84] is GRANTED. Proceedings on Defendants' *Motion for Summary Judgment* [Doc. 80] will continue to be STAYED, pending completion of discovery, specified below.

2. Defendants' *Motion to Quash* [Doc. 53] is DENIED. Consistent with this Order, Plaintiff is directed to serve forthwith on Webster Bank a revised subpoena compliant with this Ruling, together with a copy of this Order, by certified mail. Webster Bank is directed to respond to the subject subpoena within twenty (20) days of its receipt. Should the nonparty fail to comply with this Court's Order, it may be subject to sanctions for contempt.

3. Defendants' *Motion to Quash* [Doc. 54] is DENIED. Defendants are directed to provide Plaintiff with the last known address of nonparty Barbara Petrowski within fourteen (14) days, or may, as an alternative, accept service on her behalf. Ms. Petrowski must appear for a deposition at a mutually agreeable date and location within forty-five (45) days of the service of the subpoena. Should the nonparty fail to comply with this Court's order, she may be subject to sanctions for contempt.

4. Plaintiff's *Motion to Compel* [Doc. 56] is GRANTED in part and DENIED in part. Defendants are to provide any documents responsive to requests 3, 5, 6, 7, 8, 9, 10 and 11 on or

before May 25, 2018. Plaintiff's request for attorney's fees is DENIED.

5. The parties are directed to promptly inform the Court upon completion of the above discovery by filing a Status Report on the docket. The Court will then provide lift the stay associated with Defendants' *Motion for Summary Judgment*, Doc. 80, and will enter an updated briefing schedule.

**It is SO ORDERED.**

Dated:  New Haven, Connecticut

    May 10, 2018

                                                 */s/ Charles S. Haight, Jr.*
                                                 CHARLES S. HAIGHT, JR.
                                                 Senior United States District Judge